UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID P. FLICK,

    Plaintiff,

v.     Case No. 09-CV-12037

    HONORABLE STEPHEN J. MURPHY, III

SEETHE VADLAMUDI, M.D., et. al.,

    Defendants,
_____/

**OPINION AND ORDER
TRANSFERRING PLAINTIFF'S CIVIL RIGHTS
COMPLAINT TO THE WESTERN DISTRICT OF MICHIGAN**

Plaintiff David P. Flick, a Michigan state inmate, currently confined at the Kinross Correctional Facility in Kincheloe, Michigan, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  In his *pro se* complaint, plaintiff claims that his constitutional rights were violated – that he was denied medical care – by defendants while he was incarcerated at the following Correctional Facilities: (1) the Chippewa and Kinross Correctional Facilities located in Kincheloe, Michigan, (2) the Bellamy Creek Correctional Facility located in Ionia, Michigan, and (3) the Mound Correctional Facility located in Detroit, Michigan.  For the reasons stated below, the Court will transfer this matter to the Western District of Michigan for further proceedings.

**DISCUSSION**

Ten persons are named as defendants in this case.  The majority of the actions complained of by plaintiff took place at the Correctional Facilities in either Kincheloe or Ionia, Michigan, which are respectively located in the Northern and Southern Divisions of

the Western District of Michigan.  One complained-of action occurred at the Mound Correctional Facility in Detroit, Michigan, which is located in the Southern Division of the Eastern District of Michigan.  Plaintiff is also currently incarcerated at the Kinross Facility, which is in the Northern Division of the Western District.  Nine of those named defendants reside in the Western District; the other, Dr. Seetha Vadlamudi, resides in the Eastern District.

Venue is in the judicial district where either all defendants reside or where the claim arose.  *Al-Muhaymin v. Jones*, 895 F.2d 1147, 1148 (6th Cir. 1990); 28 U.S.C. § 1391(b).  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  In deciding whether to transfer a case, "a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'"  *Moses v. Business Card Express, Inc.*, 929 F. 2d 1131, 1137 (6th Cir. 1991) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988)).

Against that backdrop, the Court concludes that for the convenience of the parties and witnesses, as well as in the interest of justice, the present matter must be transferred to the Western District of Michigan.  The primary factor in making the determination to transfer venue is that almost all of the "operative facts" in this case relate to activity that took place at either the Kinross or Bellamy Creek Correctional Facilities, which are located in the Western District of Michigan.  Furthermore, plaintiff is currently incarcerated in the Western District of Michigan and all but one of the defendants reside in that district.  In

cases in which a plaintiff's claims may require testimony or files that can be most easily obtained at or near the plaintiff's place of incarceration, "the district in which the institution is located will ordinarily be the more convenient forum." Additionally, virtually all of the witnesses and files necessary to prosecute plaintiff's claims are located in the Western District of Michigan and the burden of transporting the plaintiff to this judicial district–the Eastern District–would be significant. This also favors transfer. *See Joyner v. District of Columbia,* 267 F.Supp.2d 15, 20-21 (D.D.C. 2003) (*quoting Starnes v. McGuire*, 512 F.2d 918, 931 (D.C. Cir. 1974)). For those reasons, and as the Court perceives no unfairness or impairment of the integrity of the judicial system that would result, transfer of this action to the Western District is proper.

## ORDER

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: July 13, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 13, 2009, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager